UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                  Civil Action No. 07-cv-15195

vs.                                              HON. LAWRENCE P. ZATKOFF

JENNIFER JAIME,

       Defendant,
and

PNC BANK,

       Garnishee.
_____/

**<u>ORDER DENYING DEFENDANT'S REQUEST
FOR HEARING AND "APPEAL OF GARNISHMENT"</u>**

This matter is presently before the Court on defendant's request for hearing regarding the garnishment and claim for exemptions [docket entries 56 & 57], as well as defendant's "appeal of garnishment" [docket entry 54]. For the following reasons, the Court denies defendant's request for hearing and denies defendant's "appeal of garnishment" as moot.

Defendant's filings with the Court appear to indicate that she does not fully understand the nature of this case.[1] Plaintiff obtained a default judgment in this matter in 2008. To collect this debt, the government served a writ of continuing garnishment on garnishee, PNC Bank,

---

[1] Based on defendant's most recent filings [docket entries 54, 56, 57, 58, & 59], it appears that defendant believes that because the Court dismissed as moot defendant's objections to the writ of garnishment on JC Penney Corporation, this means that all subsequent writs of garnishment filed by plaintiff are inappropriate. This is not the case. The Court quashed the writ of garnishment as to JC Penney because defendant was no longer working there. If other entities have funds payable to defendant, plaintiff might well be permitted to serve them with writs of garnishment, as the debt in this matter remains unsatisfied.

on November 26, 2014. On December 4, 2014, PNC Bank filed a disclosure noting that defendant's checking account had a negative balance and that the funds in defendant's savings account are exempt Social Security funds. Consequently, defendant has no funds at PNC Bank which plaintiff may garnish. Defendant's objections to the writ of garnishment are therefore denied as moot and no hearing is necessary. Accordingly,

IT IS ORDERED that defendant's request for a hearing regarding the garnishment and claim for exemptions [docket entries 56 & 57] is denied as moot.

IT IS FURTHER ORDERED that defendant's "appeal of garnishment" [docket entry 54] is denied as moot.

S/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE
FOR LAWRENCE P. ZATKOFF
SENIOR UNITED STATES DISTRICT JUDGE

Dated: January 9, 2015
         Detroit, Michigan